UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN R. RAWLS, JR., #211542,**

    Petitioner,

                                 Civil No: 4:06-CV-12050
                                 Honorable Paul v. Gadola
                                 Magistrate Donald A. Scheer

v.

**BLAINE LAFLER, Warden**,

    Respondent.

_____

**OPINION & ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**I. Introduction**

This matter is before the Court on Petitioner's, John R. Rawls Jr.s', *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  Petitioner, a state prisoner confined at St. Louis Correctional Facility in St. Louis, Michigan, is challenging his June 24, 2005 conviction for first degree murder, felony possession of a weapon and for being in possession of a weapon during the commission of a felony.  Petitioner failed to exhaust his state court remedies.  Accordingly, the Court finds that Petitioner's habeas petition is dismissed without prejudice.

**II. Procedural Facts**

On Petitioner's form application for writ of habeas corpus, he checked the "yes" box  under the query regarding whether he appealed from his judgment of conviction.  However, under the sections of the application where the Petitioner was to complete details about the appellate court, the result and the grounds raised, Petitioner states "no court yet lost my attorney." Upon contacting the Michigan Court of Appeals for clarification of the information provided by the Petitioner

regarding the appeal process in this matter, the Court discovered that Petitioner had an attorney who filed a claim of appeal in the Grand Rapids office of the Michigan Court of Appeals on September 6, 2005 under case number 264892. However, no appellate brief was ever filed to support the claim. Petitioner's case was involuntarily dismissed for failure to file a brief. However, it came to the appellate court's attention that Petitioner's attorney had withdrawn from the case, which prompted the appellate court to vacate the involuntary dismissal and remand the matter to the trial court in Washtenaw County so that Petitioner could be appointed an attorney. The matter is still open and pending with the Michigan Court of Appeals while Petitioner secures appellate counsel. However, instead of pursuing this matter on remand, Petitioner proceeded to file the pending habeas corpus petition with this Court.

### III.  Discussion

A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Therefore, a prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner has failed to meet his burden of showing exhaustion of state court remedies. The record before this Court indicates that Petitioner's matter remains pending in both the Washtenaw County Circuit Court and the Michigan Court of Appeals. Therefore, Petitioner

must complete the trial and state appellate process before, he may file a habeas petition with this Court.  Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d).

In this case, the state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court.  Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.  Therefore, since the Michigan Court of Appeals nor the Michigan Supreme Court have had an opportunity to review Petitioner's habeas claims, this Court cannot proceed relative to the adjudication of the case.

### III.  Conclusion

For the reasons stated, this Court concludes that Petitioner has not fully exhausted his state court remedies.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus [docket entry 1] is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Petitioner's Application to Proceed Without Prepayment of Fees and Costs [docket entry 2] is **DENIED AS MOOT**.

**SO ORDERED.**


Dated:   May 22, 2006                               s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on __May 23, 2006__, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____John Rawls_____.

                    s/Ruth A. Brissaud
                    Ruth A. Brissaud, Case Manager
                    (810) 341-7845