**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN R. RAWLS, JR., #211542,

    Petitioner,

                                        Civil Case No. 06-12050
                                        Honorable Paul v. Gadola
                                        Magistrate Donald A. Scheer

v.

BLAINE LAFLER, Warden,

    Respondent.

_____

**OPINION & ORDER DENYING PETITIONER'S MOTIONS FOR**
**RECONSIDERATION & STAY OF STATE COURT PROCEEDINGS**

**I.     Introduction**

    This matter is before the Court on Petitioner John R. Rawls Jr.'s motion for reconsideration of this Court's decision to summarily dismiss his petition for writ of habeas corpus. Petitioner has also filed a motion to stay state court proceedings. Petitioner, a state prisoner confined at St. Louis Correctional Facility in St. Louis, Michigan, challenged his June 24, 2005 conviction for first degree murder, felony possession of a weapon, and possession of a weapon during the commission of a felony.

    The matter is still open and pending with the Michigan Court of Appeals, but instead of pursuing this matter at the state appellate level, Petitioner proceeded to file a habeas corpus petition with this Court. A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Therefore, a prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all

state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The Court summarily dismissed Petitioner's habeas petition without prejudice because he failed to fulfill his burden of exhaustion.

**II.     Discussion**

    **A.     Motion for Reconsideration**

Local Rule 7.1(h) for the Eastern District of Michigan allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that correcting the defect will lead to a different disposition of the case. *See DirecTV, Inc. v. Karpinsky*, 274 F. Supp. 2d 918, 921 (E.D. Mich. 2003).

Petitioner's motion for reconsideration has not identified any palpable defect in the Court's ruling. In fact, Petitioner's motion completely fails to address the issue of exhaustion, which is the sole basis upon which his habeas petition was summarily dismissed. Instead, Petitioner simply reiterates his attack on his conviction and the judicial rulings that upheld them. The focus of Petitioner's motion for reconsideration concerns the following issues: (1) miscarriage of justice; (2) ineffective assistance of counsel; and (3) an evidentiary hearing. Essentially, Petitioner's motion for reconsideration consists of re-argument of facts and issues already raised in his habeas petition. More importantly, the exhaustion issue is not explained or discussed. As set forth above, for a motion for reconsideration to be viable, it cannot re-argue issues that were previously raised. Accordingly, Petitioner's motion for reconsideration is denied.

### B.    Motion to Stay

Petitioner has also filed a motion to stay court proceedings. It appears that Petitioner is being sued in Washtenaw Circuit Court by a company that purchases homes. No details are given regarding the nature of the lawsuit. What is clear is that the civil case in Washtenaw Circuit Court is completely unrelated to the habeas matter presently before the Court. Petitioner asserts that he cannot defend the matter in Washtenaw County while he is "dealing with a serious murder appeal." Petitioner's Motion to Stay State Court Proceedings, p. 2 (docket entry 6). Petitioner claims that he does "not have the time and energy to deal with both cases at once." *Id.* at p. 3. Therefore, Petitioner requests that the Court stay the real estate matter in Washtenaw County so that he can concentrate on litigating this habeas corpus case.

Petitioner's real estate case is a state civil matter and is not related to Petitioner's custody as an inmate at St. Louis Correctional Facility. Therefore, this Court is not in a position to interfere with the status of pending state court proceedings which have no bearing on the habeas review of this matter. *See Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2003); *see also Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986) (habeas corpus is not the proper means by which inmates should challenge errors or deficiencies in civil post-conviction proceedings). Not only is Petitioner's claim relative to his real estate state court proceeding not properly before this Court, but additionally, his motion to stay was filed after judgment had been entered dismissing this matter. Therefore, any motions filed by Petitioner in an effort to seek additional relief are moot.

### III.    Conclusion

For the reasons stated, this Court concludes that Petitioner has not met the burden required for reconsideration of this matter. Furthermore, Petitioner has failed to persuade the Court that a

stay is proper in this matter.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration [docket entry 7] is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Stay State Court Proceedings [docket entry 6] is **DENIED.**

**SO ORDERED.**

Dated:   February 13, 2007                              s/Paul V. Gadola
                                                        HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  February 13, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                                ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:            John R. Rawls, Jr.              .


                                                        s/Ruth A. Brissaud
                                                        Ruth A. Brissaud, Case Manager
                                                        (810) 341-7845